UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF RHODE ISLAND

| | | |
|---|---|---|
| THE R.J. CARBONE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY J. REGAN & ASSOCIATED WHOLESALE FLORIST INC. d/b/a Associated Wholesale Florist of New Jersey,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No.: 08 CV 00291 S |

**DECLARATION OF SIMON I. ALLENTUCH**

Simon I. Allentuch, an attorney duly admitted to practice law before the courts of the State of Connecticut, declares, under penalty of perjury as follows:

1. I am a principal in the law firm, Neubert, Pepe & Monteith, P.C., Connecticut attorneys for the defendants. I make this Declaration in connection with the defendants' Motion to Dismiss or Transfer.

2. Attached as Exhibit 1 is a copy of Kevin Plant's non-competition agreement from the case Astro-Med, Inc v. Plant (C.A. No. 06-533-ML) obtained from the Court's ECF docket.

3. Attached as Exhibit 2 is a copy of Timothy J. Regan's non-competition agreement in this case, which is a copy of the agreement submitted to the Court by plaintiff's counsel.

/s/ Simon I. Allentuch
Simon I. Allentuch

## CERTIFICATION

I hereby certify that August 8, 2008, a copy of the foregoing, was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/ S. Michael Levin

EXHIBIT 1

# ASTRO-MED, INC.

## EMPLOYEE AGREEMENT

I am now or am about to be employed by Astro-Med, Inc. or one of its divisions or subsidiaries, hereafter called the Company, and in connection with such employment, I am, may, or will be engaged in work relating to the Company's business, involving design, development or manufacture of products for the Company. In consideration of my employment and/or continued employment at the time of this agreement and from month to month thereafter and the compensation to be paid to me for my services, I hereby agree:

1. I will, without further compensation from the Company, and at all times during my employment and for one year thereafter, disclose promptly and assign to the Company any and all designs, inventions, discoveries or improvements which I may discover or conceive, either solely or jointly with others, which relate to the Company's business or result from or are suggested by any work I may do for the Company wherever the same may be done; disclose promptly any technical data, know-how or information which I may acquire with respect to any matters relating to the Company's business; assist the Company at the Company's expense in obtaining for its benefit patents on all such inventions, discoveries or improvements in the United States and foreign countries; testify on its behalf with respect thereto; and execute all proper papers for use in applying for, assigning, obtaining and maintaining such patents, and in maintaining or enforcing the rights of the Company thereunder.

2. That any inventions, discoveries or improvements and any technical data, trade secrets, (including, but not limited to, customer lists), information or know-how, made, discovered or conceived or acquired by me during the period of my employment, whether patentable, patented or not, are to be and remain the property of the Company; that, without the written authorization of the Company, I will neither use nor disclose to any person other than my superiors in the Company, any information, trade secrets, technical data or know-how relating to the Company's products, processes, methods, equipment and business practices, which I have acquired during my employment.

3. That the foregoing obligations of Paragraph No. 2 shall survive the termination of my employment and shall remain effective in perpetuity; that I will perform all necessary acts to make the agreement effective; that on leaving the employ of the Company I will not take with me, without its consent, any drawings, blueprints, copies, transcripts or other notes, records or material relating to the Company's business, and that I will promptly return all Company records, materials, documents and any other Company property in my possession or under my control.

4. I recognize that the Company sells its products throughout North America and Europe; as such, upon termination of my employment at the Company, for whatever reason, I shall not directly or indirectly enter into or engage in a business that competes with the Company, in a territory consisting of North America, and Europe, either as an individual, partner, joint venturer, employee, agent or salesman for any person, or as an officer, director or stockholder of a corporation or otherwise, for a period of one year thereafter.

5. A violation of the terms of this Agreement will cause the Company to suffer irreparable harm unless enjoined. In the event that I breach this Agreement, I agree to pay all legal and other expenses reasonably incurred by the Company in connection with the enforcement of my obligations or the Company's rights under the Agreement.

PLAINTIFF'S EXHIBIT NO. 11 FOR IDENTIFICATION
DATE: 6-4-07 RPTR:
PENGAD 800-631-6989

EXHIBIT 1

6. That any and all property provided by the Company to me in connection with my employment (including, without limitation computers, cell phones, pagers and any other business equipment) is and shall continue to be the property of the Company. Upon termination of my employment for any reason, I shall promptly return any and all such property to the Company in good working condition.

7. This Agreement shall be governed by and interpreted in accordance with the laws of the State of Rhode Island. This Agreement is made and entered into in Rhode Island and I consent to the jurisdiction of a competent court in Rhode Island to hear any dispute arising out of this Agreement. By my execution and delivery of this amendment, I irrevocably submit to and accept the exclusive jurisdiction of each of such courts and waive any objection (including any objection to venue or any objection based upon the grounds of forum non conveniens) which might be asserted against the bringing of any such action, suit or other legal proceeding in such courts.

8. To the greatest extent permitted by applicable law, I agree that the Company shall have the absolute right to setoff any of its payment obligations to me for any claims arising out of a breach of this Agreement. The foregoing shall not limit any equitable and legal remedies of the Company.

9. During the course of my employment with the Company, I will not conduct any business activities other than that of the Company, which could interfere in the execution of these duties and responsibilities.

10. I understand that nothing set forth in this Agreement is intended to, or does, create a contract of employment between the Company and me. I understand further that my employment relationship with the Company continues to be "at will," meaning that either the Company or I can discontinue the employment relationship at any time, with or without cause.

11. This Agreement shall be binding upon my heirs, administrators and assigns and shall inure to the benefit of the Company, its successors and assigns.

12. If any provision of this Agreement is declared unenforceable, in whole or in part, by a court or agency of competent jurisdiction, such declaration shall in no way affect the validity or enforceability of the remaining provisions of this Agreement.

WITNESS: [signature]

EMPLOYEE: [signature]

DATE: 10/16/02

EXHIBIT 2

AGREEMENT

THIS AGREEMENT is made the 26th day of May, 1988, in favor of THE R. J. CARBONE CO., a Rhode Island corporation (the "Company"), by Timothy J. Regan, of Middlebury, Connecticut, (the "Employee"), in connection with the following facts:

(a) The Company is about to employ the Employee or has employed the Employee and is about to promote the Employee to a position involving new duties and responsibilities and increased compensation to the Employee.

(b) The Company will be devoting significant time and expense to the training of the Employee in the performance of his or her duties with the Company, and the Employee may in the course of such training or thereafter have access to certain confidential information relating to the Company and its methods of transacting business.

(c) The Employee is willing to enter into certain agreements with the Company in order to maintain the confidentiality of such information and to provide for related matters.

NOW, THEREFORE, in consideration of the Employee's employment by the Company, the Employee hereby agrees with the Company as follows:

1. The Employee will not during the term of his or her employment or at any time thereafter divulge to any third party any trade secret of the Company or the names of any customers or suppliers of the Company or the methods of obtaining business or obtaining products used by the Company, or any other information which is proprietary to the Company, nor will the Employee solicit, induce or otherwise encourage any employee of the Company to leave the employ of the Company.

EXHIBIT 2

2. So long as the Employee is employed by the Company and for a period of one (1) year after the termination of such employment for any reason whatsoever, the Employee will not, within a radius of one hundred (100) miles of Hartford, Connecticut, render any service to, or have any interest or participation in, directly or indirectly, any corporation, partnership or business selling any products sold by, or in any manner substantially competing with, the business of the Company.

3. The Employee recognizes that in the event of the breach of his or her agreements set forth above, damages would be difficult, if not impossible, to ascertain, and that accordingly, the Company will have the right to an injunction against the Employee or other appropriate equitable relief issued by a proper court in order to prevent any further breach hereof, in addition to any other right or remedy provided by law.

4. The invalidity of any paragraph or any part of any paragraph of this agreement shall not invalidate the remaining portion of this agreement.

5. This agreement shall be binding upon the Employee and the Employee's successors and assigns.

IN WITNESS WHEREOF, the employee has executed this agreement as of the date first referred to above.

WITNESS: [signature] [signature]

EMPLOYEE