**EXHIBIT "A"**

AGREEMENT

THIS AGREEMENT is made the 26th day of May, 1988, in favor of THE R. J. CARBONE CO., a Rhode Island corporation (the "Company"), by Timothy J. Regan, of Middlebury, Connecticut, (the "Employee"), in connection with the following facts:

(a) The Company is about to employ the Employee or has employed the Employee and is about to promote the Employee to a position involving new duties and responsibilities and increased compensation to the Employee.

(b) The Company will be devoting significant time and expense to the training of the Employee in the performance of his or her duties with the Company, and the Employee may in the course of such training or thereafter have access to certain confidential information relating to the Company and its methods of transacting business.

(c) The Employee is willing to enter into certain agreements with the Company in order to maintain the confidentiality of such information and to provide for related matters.

NOW, THEREFORE, in consideration of the Employee's employment by the Company, the Employee hereby agrees with the Company as follows:

1. The Employee will not during the term of his or her employment or at any time thereafter divulge to any third party any trade secret of the Company or the names of any customers or suppliers of the Company or the methods of obtaining business or obtaining products used by the Company, or any other information which is proprietary to the Company, nor will the Employee solicit, induce or otherwise encourage any employee of the Company to leave the employ of the Company.

2. So long as the Employee is employed by the Company and for a period of one (1) year after the termination of such employment for any reason whatsoever, the Employee will not, within a radius of one hundred (100) miles of Hartford, Connecticut, render any service to, or have any interest or participation in, directly or indirectly, any corporation, partnership or business selling any products sold by, or in any manner substantially competing with, the business of the Company.

3. The Employee recognizes that in the event of the breach of his or her agreements set forth above, damages would be difficult, if not impossible, to ascertain, and that accordingly, the Company will have the right to an injunction against the Employee or other appropriate equitable relief issued by a proper court in order to prevent any further breach hereof, in addition to any other right or remedy provided by law.

4. The invalidity of any paragraph or any part of any paragraph of this agreement shall not invalidate the remaining portion of this agreement.

5. This agreement shall be binding upon the Employee and the Employee's successors and assigns.

IN WITNESS WHEREOF, the employee has executed this agreement as of the date first referred to above.

WITNESS [signature] [signature]
EMPLOYEE

EXHIBIT "B"

DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW & LITIGATION

*Stacey P. Nakasian*
*snakasian@duffysweeney.com*

July 22, 2008

***Via Federal Express***

Thomas Pavin
Associated Wholesale Florist of New Jersey
320 W. Passaic Street
Rochelle Park, NJ 07662

RE: Timothy J. Regan

Dear Mr. Pavin:

This firm represents The R.J. Carbone Company ("Carbone"). We understand that Mr. Timothy J. Regan may have taken employment with Associated Wholesale Florist of New Jersey ("Associated").

This letter puts you on notice that Mr. Regan is bound by a covenant not to compete with Carbone for a period of one year after his resignation from Carbone. Mr. Regan agreed that he would not within a radius of one hundred (100) miles of Hartford, Connecticut, render any service to or have any interest or participation in, directly or indirectly, any business selling any products sold by or in any manner substantially competing with Carbone. Mr. Regan's employment with Associated violates this covenant.

Mr. Regan is also bound by a non-disclosure covenant under which he agreed that he would not, during or at any time after his employment with Carbone, use for himself or divulge or convey to others any trade secret or proprietary information of Carbone. Such information includes, but is not limited to, the identity of Carbone's brokers, vendors, and grower suppliers, Carbone's pricing structure, Carbone's special purchasing arrangement with its suppliers, Carbone's confidential sales arrangements with its customers (including customer preferences), sales data, and identity of Carbone's customers and costs of supply. Any attempt by Associated to employ Mr. Regan within one year from the date his employment with Carbone terminated, or in any way to tamper with, induce, cause or knowingly benefit from Mr. Regan's violation of any of the covenants described herein will violate one or more of these covenants and will be unlawful.

By separate letter we advised Mr. Regan that any violation of the covenants or improper use or disclosure of Carbone's confidential business information will be promptly addressed by

Carbone. Carbone will vigorously and swiftly enforce its rights and seek appropriate damages and/or injunctive relief against Associated, as well as Mr. Regan, if such unlawful activities are undertaken on behalf of or for the benefit of Associated.

As you may be aware, Rhode Island has long recognized that customer information constitutes trade secrets and that protecting customer information is a legitimate business interest. Rego Displays, Inc. v. Fournier, 379 A.2d 1098 (R.I. 1977); Colonial Laundries, Inc. v. Henry, 48 R.I. 332 (1927); see also Callahan v. Rhode Island Oil Co., 240 A.2d 411 (R.I. 1968). The common law remedies for misappropriation of trade secrets include both injunctive and monetary relief. J.B. Prata, Ltd. v. Bichay, 468 A.2d 266 (R.I. 1983). To further discourage and protect against the misappropriation of trade secrets, including customer lists, Rhode Island has adopted the Uniform Trade Secrets Act, R.I. Gen. L. § 6-41-1, et. seq. That statute specifically authorizes both injunctive and monetary relief to remedy misappropriation. Damages include not only the actual loss caused by the misappropriation and any unjust enrichment to the defendant, but also double damages and attorney's fees in cases involving willful and malicious misappropriation. An employer, such as Associated, who permits or acquiesces in an employee's misappropriation of trade secrets from the employee's prior employer, including the use of those trade secrets to benefit the new employer, may be liable in damages both under vicarious and direct liability theories. Any use by Associated of Carbone's confidential business information will subject Associated to these significant penalties.

Please confirm in writing on or before July 28, 2008 that Mr. Regan does not work for and is not in any way affiliated with Associated. We look forward to your satisfactory reply.

Very truly yours,

Stacey P. Nakasian

cc: Mr. Robert Hasenstab

CARBONE\Regan Agreement/Letters/Pavlin 07-22-08

FedEx Express
Customer Support Trace
3875 Airways Boulevard
Module H, 4th Floor
Memphis, TN 38116

U.S. Mail: PO Box 727
Memphis, TN 38194-4643

Telephone: 901-369-3600

July 23,2008

Dear Customer:

The following is the proof-of-delivery for tracking number **861435341074**.

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivery date:** | Jul 23, 2008 10:33 |
| **Signed for by:** | S.MEYER | | |
| **Service type:** | Priority Envelope | | |



**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 861435341074 | **Ship date:** | Jul 22, 2008 |

| | |
|---|---|
| **Recipient:**<br>US | **Shipper:**<br>US |
| **Reference** | CARBONE REGAN |

Thank you for choosing FedEx Express.

FedEx Worldwide Customer Service
1.800.GoFedEx 1.800.463.3339