UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF RHODE ISLAND

| | | |
|---|---|---|
| THE R.J. CARBONE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 08 CV 00291 S |
| | : | |
| TIMOTHY J. REGAN and | : | |
| ASSOCIATED WHOLESALE FLORIST | : | |
| INC. d/b/a Associated Wholesale Florist | : | |
| of New Jersey, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN**
**FURTHER SUPPORT OF THEIR MOTION TO DISMISS OR TRANSFER**

Defendants, Timothy J. Regan and Associated Wholesale Florist, Inc. d/b/a Associated Wholesale Florist of New Jersey (individually "Regan" and "Associated") (collectively "Defendants"), respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss or Transfer.

**ARGUMENT**

Defendants rely on their moving papers to address the majority of the arguments raised by plaintiffs. However, Mr. Regan respectfully disagrees with the characterization submitted by R. J. Carbone Company ("Carbone") of his trips to Rhode Island. As set forth in his Affidavit, contrary to Carbone's contentions, he serviced his vehicle and picked up new samples on his four visits a year. Carbone contends that the fact that it used a Rhode Island office of a national bank (e.g. Fleet now Bank of America) and a national pension management company (e.g. Great West), and similar facts, somehow means that Carbone has specific jurisdiction over Mr. Regan. These are contacts that Carbone has with Rhode Island, not Mr. Regan. They are also national entities with offices outside Rhode Island. There is no evidence that Mr. Regan accessed any of

them in Rhode Island. They also don't relate to the specific claims in this lawsuit. There is no question that Mr. Regan worked for an entity in Rhode Island. As such, he had telephonic contact with his employer and visited it four times a year. As set forth in defendants' moving Memorandum of Law, this is insufficient to create specific jurisdiction since Mr. Regan lived in Vermont and worked in Connecticut and New York, not Rhode Island.

With respect to Associated, Carbone has not come forward, in the face of a specific affidavit to the contrary, and provided any evidence or detail concerning the alleged torts committed by Associated. Plaintiff had the obligation to come forward with evidence and it failed to meet its burden. As stated in defendant's moving Memorandum of Law, plaintiff has the burden "to prove the necessary facts to establish that defendant is indeed amenable to judicial proceedings in this forum." Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 49 (1st Cir. 2002); Celta Agencies, Inc. v. Denizcililrsanayi Ve Ticaret, A.S., 269 F. Supp. 2d 1, 2 (D.P.R. 2003); Bolt v. Gar -Tee Products, 967 F.2d 671, 675-76 (1st Cir. 1992). The plaintiff's "demonstration of personal jurisdiction must be based on specific facts set forth in the record in order to defeat a defendant's motion to dismiss." N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale, 536 F. Supp. 2d 181, *10-11 (D.RI 2008). With respect to Associated, plaintiff has not come offered any evidence relating to personal jurisdiction. Instead, it simply presumes that a tort was committed and therefore the Court must have jurisdiction.

Mr. Regan supplied an affidavit explaining exactly how his employment with Carbone ended and what he did when he accepted a position at Associated. Plaintiff does not discuss the sworn statements in the Regan Affidavit. Specifically, there is no evidence that Associated either induced Mr. Regan to violate his agreement with Carbone nor is there any evidence that

Associated tortiously interfered with Carbone's agreements with its customers. There is also no evidence that Associated has obtained any confidential information belonging to Carbone. Importantly, Carbone has offered no evidence that it lost any customers or any sales whatsoever. That information, if it existed, would be in Carbone's custody and control. There is no affidavit stating that it lost a single customer or a single sale to Associated in Connecticut or New York. In sum, there is no evidence of any wrongful actions by Associated.

Assuming plaintiff had met its burden, its argument is still lacking. In a footnote, plaintiff contends that defendant "wrongly focus[es] on the physical location as to where the torts occurred." See Fn. 5, P. 16, Plaintiff's Memo of Law. In fact, in its examination of the key case on this issue, Hugel v. McNeil, 886 F.2d 1 (1st Cir. 1989), Associated made the opposite point. In Hugel, the plaintiff's reputation was in Rhode Island and it was damaged when the defamatory information was disseminated nationwide, including in Rhode Island. Here, the customers, business and work performed by Mr. Regan were in Connecticut and New York. Assuming, hypothetically, that Associated used trade secret information to steal a Carbone customer in New York, the injury and loss of the account is in New York not Rhode Island. Carbone has a presence in all of these places. It has employees, who solicit sales and deliver products in Connecticut and New York. It is physically present in Connecticut and can be injured in Connecticut. If one were to apply Carbone's analysis, every action which allegedly injured a Rhode Island company would generate jurisdiction in Rhode Island over the potential defendant, even if the defendant was thousands of miles away and had never set foot in, sent a communication into, received a communication from, or had any other traditional minimum contact with Rhode Island. Plaintiff's argument would make the entire minimum contacts analysis meaningless.

The cases cited by plaintiff are distinguishable. In addition to Hugel, plaintiff cites Thompson Trading Ltd. v. Allied Lyons PLC, 123 F.R.D. 417 (D. RI 1989). However, the holding in Thompson relied on the allegation that the contract at issue was a "Rhode Island contract." It is unclear what that means. Here, the performance of the non-compete was in Connecticut and New York. The limitations in the non-compete reference Hartford, Connecticut, not Rhode Island. The nexus of the non-compete was not in Rhode Island and, unlike Thompson Trading, there is no evidence of any tortuous conduct by Associated.

Finally, plaintiff relies on Northeastern Land Services, Ltd. v Schulke, 988 F.Supp. 54 (D. RI 1997), but in that case the court concluded that "Schulke's multiple visits to Rhode Island, during which time . . . he laid the foundation for misappropriation, intentional interference with contractual relations . . . gave rise to NLS' claimed injuries." Id. at *14.

Here, there is no evidence of any wrongful act anywhere much less evidence of any wrongful acts in Rhode Island. The Motion to Dismiss should therefore be granted.

## CONCLUSION

For the forgoing reasons, the Complaint should be dismissed or in the alternative this litigation transferred to the District of Connecticut or the Northern District of New York.

Respectfully submitted,

TIMOTHY J. REGAN and ASSOCIATED
WHOLESALE FLORIST, INC. d/b/a Associated
Wholesale Florist of New Jersey

By their attorneys

WINOGRAD, SHINE & ZACKS, P.C.

By: /s/ S. Michael Levin
S. Michael Levin, Esq. (#3796)
Winograd, Shine and Zacks, P.C.
123 Dyer Street
Providence, RI 02903-3980
Phone: 401-273-8300
Fax: 401-272-5728
mlevin@wszlaw.com

NEUBERT, PEPE & MONTEITH, P.C.

By: /s/ Simon I. Allentuch
Simon I. Allentuch, Esq. (Pro Hac Vice)
195 Church Street
New Haven, CT 06510
Phone: 203-821-2000
Fax: 203-821-2009
sallentuch@npmlaw.com

Date: August 29, 2008

**CERTIFICATION**

I hereby certify that August 29, 2008, a copy of the foregoing, was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ S. Michael Levin