**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| THE R.J. CARBONE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TIMOTHY J. REGAN & ASSOCIATED WHOLESALE FLORIST, INC. d/b/a Associated Wholesale Florist of New Jersey,<br><br>Defendants. | : | C.A. NO. 08-291 S |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff The R.J. Carbone Company, Inc. ("Carbone") submits this Memorandum in Further Support of its Motion for Preliminary Injunction and in reply to Defendant's Memorandum of Law in Opposition to Motion for Preliminary Injunction dated August 29, 2008.

**PRELIMINARY STATEMENT**

Carbone submits that the non-compete provision of Regan's employment agreement ("Agreement") is enforceable. Even if it is considered overbroad, both Rhode Island and Connecticut law permit partial enforcement of the provision. Moreover, the non-compete is supported by adequate consideration, and the balance of the equities in this case favors its enforcement.[1] For these reasons and the facts and arguments made in Carbone's underlying papers, Carbone submits this Court should grant its Motion for Preliminary Injunction.

[1] It should be noted that defendants make no argument in their opposition papers that the non-disclosure provision of the Agreement is unreasonable or unenforceable. Defendants only argue that the non-compete portion of the Agreement is invalid. Therefore, the non-disclosure portion of the Agreement should be enforced as written.

## FACTS

Carbone incorporates by reference the facts previously submitted to this Court in Carbone's underlying papers and in opposition to Defendants' Motion to Dismiss or Transfer. Carbone disputes many of the facts presented by defendants in their opposition papers and is prepared to present evidence refuting those "facts" at the hearing scheduled for September 8th and 10th. However, the disputed facts are not relevant to the arguments raised in defendants' opposition papers. As such, and in the interests of brevity, Carbone reserves further discussion of the facts of this dispute for next week's hearing.

## ARGUMENT

### I. Regan's Non-Compete Agreement is Enforceable.

In very vague terms and with virtually no relevant case law cited, defendants argue that the non-compete agreement is not enforceable. Defendants' specious arguments are misplaced for a variety of reasons.

Pursuant to Rhode Island law, the one-year restriction is more than reasonable. See e.g., Griggs & Browne Co., Inc. v. Healy, 453 A.2d 761 (R.I. 1982)(three-year non-compete agreement upheld on appeal). Without rehashing the arguments made in its underlying papers, Carbone submits that enforcing the restriction of the non-compete in the territory that Regan worked during his employment with Carbone is more than reasonable given the protectable interests involved. Regan was fully aware of Carbone's active and prospective customers, their respective product preferences and Carbone's pricing arrangements with those customers. Regan negotiated confidential sales arrangements with those customers and had access to and used confidential Carbone marketing and purchasing information, all of which could be used for Associated Wholesale Florist, Inc.'s benefit. The knowledge Regan

acquired during his employment about Carbone's customers' preferences and Carbone's marketing strategy is proprietary to Carbone. See Allen v. Creative Servs., Inc., 1992 WL 813643, *2 (R.I. Super.) ("Courts have found that knowledge of a customer's special needs and the goodwill the employer acquired through dealings with his customers are legitimate business interests protectable through a restrictive covenant.") This knowledge would make Regan a formidable competitor in any market where Carbone competes, yet his non-compete only restricts him in the 100-mile range of Hartford Connecticut. Rhode Island courts have enforced non-compete agreements involving similar or broader geographic restrictions given the protectable interests involved. See, e.g., In re Givens, 2001 WL 34136695 (D.R.I. 2001)(a worldwide geographic restriction was upheld because the market involved was worldwide). Thus, the Agreement is enforceable given the limited temporal and geographic scope of the non-compete provision.

## II. Even if the Non-Compete Agreement is Considered Overbroad, both Rhode Island and Connecticut Allow the Court to Reform the Agreement.

### A. Rhode Island

Defendants improperly argue that this Court may not partially enforce a non-compete agreement under Rhode Island Law, but must "blue pencil" the agreement wherein "a restraint's validity depends upon a mechanical-divisibility test whereby a covenant would be enforceable only if it remains grammatically meaningful after striking out any offending provisions." Durapin, Inc. v. American Prods., 559 A.2d 1051, 1058 (R.I. 1989). Defendants argue that because no portion of the non-compete agreement can be stricken to make the non-compete reasonable, Carbone's motion should be denied.

Defendants' argument is severely flawed and butchers the holding of Durapin on this issue. With regards to which of the three approaches to apply in evaluating restrictive

covenants (the "all or nothing" rule, the blue-pencil doctrine or the partial-enforcement rule), the Rhode Island Supreme Court in Durapin stated quite clearly that "[i]n choosing to adopt the partial-enforcement approach rather than the blue-pencil doctrine, we note that the blue-pencil rule has also been rejected by the Restatement (Second) *Contracts* as being contrary to the weight of authority and strongly criticized by scholarly writers." Id. at 559 A.2d 1059 (citations omitted). There is simply no ambiguity about what test is applied in Rhode Island in construing restrictive covenants found to be overbroad: "The court may exercise its equitable powers to modify the agreement and enforce it to the extent that it is reasonable, with no strict grammatical requirements, ...." Mark W. Freel & Matthew T. Oliverio, *When Commercial Freedoms Collide: Trade Secrets, Covenants Not to Compete and Free Enterprise*, 47 R.I.B.J. 9, 38 (May 1999)(*citing* Durapin). When faced with non-compete provisions that they deem overbroad, Rhode Island Courts routinely reform the provisions and enforce them to the extent reasonable. See, e.g., Allen v. Creative Services, Inc., 1992 WL 813643 (R.I. Super. 1992) (applying the partial enforcement rule to reform a non-compete provision of an employment agreement); Astro-Med, Inc. v. Plant, 2008 WL 2700291, *2 (D.R.I.) (modifying non-compete in an employment agreement so that it could be enforced to the extent found reasonable by the Court).

Defendants' efforts to distinguish Durapin on the strict grounds that it involved a distributor agreement, not an employment agreement, fail. Similar to the facts before this Court, in Durapin, the Rhode Island Supreme Court evaluated whether a non-compete agreement was reasonable or not. The fact that the non-compete was part of a distribution agreement, not an employment agreement is a distinction without any meaningful difference. The elements for determining whether a non-compete agreement are the same in both

contexts. See Home Gas Corp. of Mass., Inc. v. DeBlois Oil Co., 691 F. Supp. 567, 573 (D.R.I. 1987)("[a]lthough the contract in this case was in the form of a distributorship agreement, not an employment contract, the analysis of whether Home Gas has a protectable interest does not change"). Moreover, the Rhode Island cases cited in the previous paragraph involved partial enforcement of non-compete provisions in employment agreements.

Lastly, Cranston Print Works Co. v. Pothier, 848 A.2d 213 (R.I. 2004), does not stand for the proposition that Rhode Island applies the blue-pencil doctrine in employment cases. In *dicta*, without any citation to any case law, the Supreme Court indicated that on remand the lower court could "blue pencil,' if necessary, to draw in any reasonable limitations on such covenants that it concludes are overbroad." Id. at 848 A.2d 220. It is a broad overstatement to suggest that this vague statement stands for the proposition that Rhode Island now applies the "blue pencil" approach in employment cases, a standard that directly conflicts with Durapin, which is still good law. It is noteworthy that Cranston Print Works cites generally to Durapin. If the Supreme Court wanted to adopt a different rule to analyze the extent a court can reform an unreasonable non-compete in an employment agreement, it would have done so with a thorough discussion of Durapin. The Supreme Court in fact reasoned that the non-compete at issue in that case could be partially modified on remand to the extent the lower court considered it overbroad, which is entirely consistent with the Durapin partial-enforcement rule. Indeed, it appears that the Court, in referring to "blue pencil," intended simply to mean that the lower court could reform the non-compete. In sum, defendants have made no meaningful argument that Regan's non-compete provision could not be partially enforced if this Court finds portions of it to be overbroad.

**B. Connecticut**

Carbone disputes that Connecticut law applies in this case. For the reasons stated in Carbone's Objection to Defendant's Motion to Dismiss or Transfer at pp. 25-26, it is clear that Rhode Island law governs the claims in this action. However, even if Connecticut law is applied, the non-compete agreement is enforceable.

Contrary to defendants' arguments, the scope of the non-compete is reasonable in both time and geographic scope. See Hart v. Rogers, 16 Conn. App. 619, 548 A.2d. 758 (Conn. App. 1988)(two-year prohibition against plaintiff's former salesman competing in any territory where plaintiff did business during the time the former salesman was employed by plaintiff upheld on appeal); Van Dyck Printing Co. v. DiNicola, 648 A.2d 898 (Conn. Super. 1993)(one-year restriction for the entire State of Connecticut for a former salesman held as valid); Gartner Group, Inc. v. Mewes, 1992 WL 4766 (Conn. Super 1992)(one-year restriction in the States of Connecticut, New York and Massachusetts valid). Illustrative of the weakness of their argument, defendants did not cite to one Connecticut case that could be used to interpret whether Regan's non-compete is reasonable in temporal and geographic scope. As such, this Court should conclude that Regan's non-compete agreement is reasonable, making analysis of defendants' "blue pencil" argument completely unnecessary.

Defendants' "blue pencil" argument - - that Regan's "non-compete is unenforceable because it is impossible to blue pencil the agreement" - - misstates Connecticut law. Even if the Court were to find the non-compete overbroad, it has discretion to blue pencil the provision in light of the parties' expressed intent to make "any paragraph or any part of any paragraph" severable as described in paragraph 4 of the Agreement, annexed to Carbone's Memorandum of Support of Plaintiff's Objection to Defendants' Motion to Dismiss or

Transfer as Exhibit A. See Gartner Group, 1992 WL 4766 at *4-5. The Court also has the discretion to fashion any other reasonable restriction given the parties' explicit contractual recognition in paragraph 3 of the Agreement that in the event of breach, Carbone is entitled to a preliminary injunction that contains "appropriate equitable relief [...] in addition to any other right or remedy provided by law."

In Grayling Associates, Inc. v. Villota, 37 Conn. L.Rptr. 460 (Conn. Super. 2004), the court considered the enforceability of a non-compete agreement with a 100-mile radius restriction, like the one at issue here. There, the court found the 100 miles overbroad and, applying the "blue pencil rule," modified the restriction to a geographic range that the court deemed reasonable. The modification was not a grammatical excising of the original language, but rather a pure reformation of the language similar to what this Court did at the TRO stage of this case. Thus, even under Connecticut law this Court has discretion to modify and enforce Regan's non-compete to the extent it is found reasonable.

**III. The Non-Compete Agreement was Supported by Adequate Consideration.**

As stated by the Rhode Island Supreme Court, a non-compete agreement is enforceable if "the provision is supported by adequate consideration." Durapin, 559 A.2d at 1053. "Generally speaking, if an employee signs a non-competition agreement at the inception of his or her employment, the courts will find the agreement to be supported by adequate consideration." Mark W. Freel & Matthew T. Oliverio, 47 R.I.B.J. 9, 37 (*citing* Durapin). See also Allen v. Creative Servs., Inc., 1992 WL 813643 (R.I. Super. July 6, 1992). Continuation of at will employment, on its own, constitutes adequate consideration for a non-compete agreement under Rhode Island law. See Nestle Food, 836 F. Supp. at 77; Durapin, 559 A.2d at 1057; Oken v. National Chain Co., 424 A.2d 234, 237 (R.I. 1981). Other courts

also have found adequate consideration based on the signing of a non-compete agreement at the onset of employment. See, e.g., Central Adjustment Bureau, Inc. v. Ingram, 678 S.W.2d 28, 33 (Tenn. 1984)("We hold that a covenant signed prior to, contemporaneously with or shortly after employment begins is part of the original agreement, and ... supported by adequate consideration").

Regan does not dispute that he executed his Agreement in Rhode Island contemporaneously with the commencement of his employment with Carbone. This Court should conclude that the non-compete portion of the Agreement was supported by adequate consideration based on that simple fact alone. But in addition Carbone received a salary and numerous fringe benefits including health insurance, a 401(k) and personal use of a Carbone vehicle during his more than 20 years of employment with Carbone – all more than sufficient to establish that Regan received adequate consideration to make the non-compete enforceable.

Without any citation to any case law, defendants blindly argue that because Carbone allegedly received "substantially all" of the consideration and "enjoyed a substantial windfall" by employing Regan, the non-compete allegedly was not supported by enough consideration to be enforceable. In addition to being factually inaccurate, defendants' argument misstates the standard: the test is not to evaluate which party received "substantially all" of the consideration to a non-compete agreement, but whether that non-compete was supported by "adequate" consideration.

## IV. The Balance of the Equities Favors Carbone.

As argued in Carbone's underlying papers, the balance of the equities involved in weighing whether this Court should issue a preliminary injunction in this action favor Carbone. Regan's arguments that he was somehow forced to leave Carbone because Carbone

"unilaterally removed funds from his compensation" and "unilaterally reduced his commission[s]" is flatly inaccurate as will be established at next week's hearing.

The evidence will show that about five years ago, Regan moved to Vermont from Connecticut on his own volition. Given this increase in travel distance from his new home in Vermont to Connecticut, Carbone eventually asked Regan to start contributing to the increased gas and mileage costs associated with Regan's bi-weekly personal commute. Regan agreed to this arrangement by signing written authorizations to take deductions from his paycheck to cover some of these added personal travel expenses. Regan's assertions that Carbone "repeatedly violated 21 V.S.A. § 344 when it withheld funds from Mr. Regan's paycheck" are misplaced given Regan explicitly signed off on this arrangement. There was no "assignment of future wages" subject to the aforementioned Vermont labor statute, but simply an authorized deduction of travel expenses for Regan's personal use of Carbone's company vehicle.

It also will be established at the hearing that Regan, not Carbone, requested that his commission rate be reduced on certain highly competitive products so that he could more easily compete with independent salespersons in his territory. Regan's declining commissions were also partially caused by Regan's refusal to consistently travel to the eastern part of Connecticut to generate sales after he moved to Vermont given the greater distances involved.

Finally, Regan's argument that he is "likely to become destitute" if the non-compete agreement is enforced is unsubstantiated. During the short period the non-compete agreement will be in place (now less than a year), Regan can solicit non-Carbone customers in his former territory. Contrary to Regan's representation, the total florist market in Connecticut from

which Regan could solicit customers is more than double the size Regan says, as will be established at next week's hearing. He can also sell outside his former territory or work for any business that does not compete with Carbone during the limited time the non-compete is in effect. Certainly, the fact that Regan has no savings after being paid a substantial amount of money by Carbone over a 20-year period should not be held against Carbone in evaluating the proprietary of a preliminary injunction. Simply put, if Regan becomes destitute during the short period the non-compete is in place, it will be because of Regan's personal choice not to work within the confines of the Agreement, not because the Agreement is unreasonable.

**CONCLUSION**

For all the foregoing reasons and the reasons articulated in its underlying papers, Carbone respectfully requests that this Court grant its Motion for Preliminary Injunction.

Respectfully submitted,

THE R. J. CARBONE COMPANY

By its Attorneys,

/s/ Stacey P. Nakasian

Stacey P. Nakasian, Esq. (#5069)
Duffy, Sweeney & Scott, Ltd.
One Turks Head Place
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Dated: September 4, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of September, 2008, a true copy of the foregoing ***Plaintiff's Memorandum of Law in Further Support of its Motion for Preliminary Injunction*** was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including those listed below, and copies will be mailed to those indicated as non-registered participants.

S. Michael Levin, Esq.
Winograd, Shine & Zacks, P.C.
123 Dyer Street
Providence, RI 02903

Simon I. Allentuch, Esq.
Jarod F. Proto, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
P.O. Box 1940
New Haven, CT 06509

/s/ Stacey P. Nakasian
Stacey P. Nakasian